United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES L. SNIDER,

    Petitioner,

  v.

BEN CURRY, warden,

    Respondent.
                               /

No. C 07-4311 MHP (pr)

**ORDER OF DISMISSAL**

**INTRODUCTION**

James L. Snider, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Snider was convicted in Santa Barbara County Superior Court of murder and was sentenced in 1986 to a term of 15 years to life in prison plus 9 years. His petition does not challenge his conviction but instead challenges an August 16, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Snider alleges that his habeas petition in the California Supreme Court was denied before he filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Snider alleges two claims in his petition. First, he claims that "California Penal Code § 3041(a)(b) creates a protectable liberty interest at a parole suitability hearing, and a 'reasonable' expectation of a release date." Petition attach., p. 1. Snider has not stated a cognizable ground for relief in a habeas action. If there is a protected liberty interest in parole, that only means that procedural protections must be afforded before the prisoner is deprived of that liberty interest. In other words, the existence of a protected liberty interest is an element of a due process claim, but is not a due process claim by itself. The claim is dismissed because petitioner has not identified any procedural protection of which he was deprived.

Second, Snider claims that the BPH violated his due process and equal protection rights "when they failed to consider a parole release date under P.C. Section § 3041(a), (separate and distinct treatment of a 'class of one')." Petition attach., p. 2. He claims that he is not seeking "a mere comparison between an inmate released earlier or paroled sooner than himself," id. and instead is trying to show an equal protection violation under a "class of one" theory. He argues that he was treated differently from a foreign national who was transferred to the custody of the government of Sweden to serve a fixed term under a settlement agreement in a habeas action. See Petition attach., p. 3 and Exh. B. Snider alleges that the

2

1 foreign national received a specific release date when his term was set without him first
2 having been found suitable under § 3041(b). Snider also alleges that the foreign national "is
3 being treated distinctly different than 'all' U.S. Citizens, and, foreign nationals that have not
4 caused legal actions to enter into 'settlement agreements', in California serving a sentence of
5 life with the possibility of parole." Petition attach., pp. 3-4. He further alleges he is being
6 treated differently than the foreign national who settled his habeas action because he cannot
7 be transferred to another country. Id. at 4. The allegations do not state a claim for relief for
8 an equal protection violation. Snider has not alleged that all indeterminately sentenced
9 foreign nationals are receiving fixed terms, but only that one inmate with an indeterminate
10 sentence who filed a habeas action reached a settlement that allowed his transfer to his home
11 country to serve a fixed term. The petition and exhibits thereto plainly show that Snider is
12 not similarly situated to the other inmate he claims has received more favorable treatment:
13 the most obvious difference is that the other inmate had prevailed on his petition for writ of
14 habeas corpus in state superior court and the inmate was transferred to Sweden pursuant to a
15 settlement agreement as a compromise of that habeas action. See Petition, Exh. B. Casting
16 the argument as a "class of one" equal protection claim does not help Snider because the case
17 he cited adheres to the requirement that the plaintiff be "intentionally treated differently from
18 others similarly situated and that there is no rational basis for the difference in treatment."
19 Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The equal protection claim is
20 dismissed.

21      Snider's argument (included as part of the second claim) that the BPH failed to
22 consider or set a determinate term for him under the matrix is meritless. California Penal
23 Code § 3041 and the related regulations place individual suitability for parole above a
24 prisoner's expectancy in early setting of a fixed date designed to ensure term uniformity. See
25 In re Dannenberg, 34 Cal. 4th 1061, 1070-71 (Cal.), cert. denied, 126 S. Ct. 92 (2005).
26 Under state law, the matrix is not reached unless and until the prisoner is found suitable for
27 parole. Id. at 1070-71; 15 Cal. Code Regs. § 2403(a) ("[t]he panel shall set a base term for
28

3

each life prisoner who is found suitable for parole"). Snider does not allege that he has been found suitable for parole; therefore, the BPH's failure to consider term setting or to set a term under the matrix presents no federal constitutional claim.

Leave to amend will not be granted because it would be futile. The petition indicates that the claims asserted here are the same ones Snider presented to the California Supreme Court. If he amends to, for example, specify a particular procedural protection of which he was deprived, his amended petition would have the problem that it would present an unexhausted claim.

## CONCLUSION

For the foregoing reasons, the petition is dismissed without leave to amend for failure to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 15, 2007

Marilyn Hall Patel
United States District Judge